IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OPTIMUM POWER SOLUTIONS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 11-853-LPS |
| | : | |
| HEWLETT-PACKARD COMPANY, | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| OPTIMUM POWER SOLUTIONS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 11-854-LPS |
| | : | |
| PANASONIC CORPORATION OF NORTH AMERICA, | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| OPTIMUM POWER SOLUTIONS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 11-855-LPS |
| | : | |
| SONY ELECTRONICS INC., | : | |
| | : | |
| Defendant. | : | |

| | |
|---|---|
| OPTIMUM POWER SOLUTIONS LLC,    : | |
| : | |
| Plaintiff,    : | |
| : | |
| v.    : | Civil Action No. 11-856-LPS |
| : | |
| LENOVO (UNITED STATES) INC.,    : | |
| : | |
| Defendant.    : | |

## MEMORANDUM ORDER

Pending before the Court in each of these related patent infringement cases are defendants' motions to transfer to the Northern District of California ("Northern District"). Such motions require a careful and case-specific consideration of the circumstances presented and a weighing of factors, including those identified by the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995). The instant cases each involve several common, overriding factors that weigh strongly in favor of transfer (notwithstanding some individual differences among the four cases). Accordingly, having undertaken the required analyses, the Court concludes that the motions to transfer should be GRANTED, for the following reasons.

1.  Several of these actions (i.e., those against defendants Hewlett-Packard, Lenovo, and Sony) were previously filed by Plaintiff in the Eastern District of Texas. In evaluating defendants' motion to transfer, Judge Leonard Davis of that Court carefully considered whether the case should remain in that District and concluded that, instead, the Northern District of California presented a more convenient and appropriate jurisdiction. *See Optimum Power Solutions LLC v. Apple, Inc., et al.*, Case No. 6:10cv61 (E.D. Tex. Feb. 22, 2011). Two points emerge from these facts. First, Plaintiff's preferred forum for litigating these patent infringement

actions (at least with respect to three of the four defendants whose motions are now before this Court) was not the District of Delaware but was the Eastern District of Texas. Second, another judicial officer has already performed an analysis quite similar (but not identical) to that which this Court is now called on to perform; Judge Davis' analysis is entitled to consideration if not deference. While this Court is required to apply Third Circuit law instead of Fifth Circuit law, and while this Court may not have reached the same conclusion as Judge Davis *ab initio*, the reality that another judge has already largely considered the circumstances presented here weighs in favor of transfer to the Northern District.

2.  As a result of Judge Davis' transfer decision, a related (indeed, as best as can be discerned from the record, "nearly identical") case is now pending in the Northern District of California, before Judge Susan Illston, a case which predates the instant actions filed here. *See OPS v. Apple Inc.*, Action No. 3:11-CV-01509-SI) (N.D. Cal.). The Northern District's case is proceeding somewhat ahead of the instant cases; the parties informed the Court during a recent teleconference that a Markman hearing was to occur in California this week (while Markman briefing in the cases in this Court is scheduled to begin next week). These factors, too, favor transfer. *See, e.g., Praxair, Inc. v. ATMI, Inc.*, 2004 WL 883395, at *1 (D. Del. Apr. 20, 2004) ("A motion to transfer may also be granted if there is a related case which has been first filed or otherwise is the more appropriate vehicle to litigate the issues between the parties.").

3.  After Judge Davis ordered the cases before him transferred to the Northern District, Plaintiff sought leave there to file an amended complaint to add five more defendants; at the same time, the original defendants (including HP, Sony, and Lenovo) moved to dismiss the action as to all defendants except one. Judge Illston denied Plaintiff's motion, granted

defendants' motion, and dismissed without prejudice each defendant other than Apple. It appears that it was envisioned that Plaintiff would then re-file individual actions against each defendant in the Northern District, actions which might then be coordinated. (*See, e.g.*, C.A. No. 11-853-LPS D.I. 21 at 10 n.5) Instead, Plaintiff chose to initiate suit against four defendants here (and others elsewhere). Under these circumstances, the Court concludes that judicial economies might be achievable in the Northern District that are not possible here, which weighs in favor of transfer.

4. The Court has considered the various factors outlined in *Jumara* and this Court's many decisions applying it. *See, e.g., Intellectual Ventures I LLC v. Altera Corp.*, 2012 WL 297720 (D. Del. Jan. 24, 2012). The Court finds that these factors – in conjunction with those specified above – satisfy the heavy burden for demonstrating that these cases should be transferred to the Northern District of California.

Accordingly, IT IS HEREBY ORDERED that the pending motions to transfer these cases to the Northern District of California are GRANTED. Specifically:

1. In C.A. No. 11-853, D.I. 10 is GRANTED.

2. In C.A. No. 11-854, D.I. 8 is GRANTED.

3. In C.A. No. 11-855, D.I. 12 is GRANTED.

4. In C.A. No. 11-856, D.I. 11 is GRANTED.

5. The Scheduling Orders entered in each of these cases, including the deadlines for briefing claim construction, are VACATED.

_____
May 25, 2012                UNITED STATES DISTRICT JUDGE