*Names and addresses of counsel for plaintiff and defendant appear on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Optimum Power Solutions LLC, a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>Hewlett-Packard Company, a California Corporation,<br><br>Defendant. | Case No.: 3:12-cv-03125-WHA<br><br>**STIPULATION FOR ENTRY OF FINAL JUDGMENT AS TO NON-INFRINGEMENT OF U.S. PAT. NO. 5,781,784**<br><br>Judge: Honorable William H. Alsup |

Plaintiff Optimum Power Solutions LLC ("Optimum Power") and Defendant Hewlett-Packard Company ("HP"), through their respective counsel, hereby stipulate as follows, subject to the Court's approval:

1.  On July 2, 2012, this Court construed as a matter of law certain claim terms contained within U.S. Pat. No. 5,781,784 (the "'784 Patent") in related case *Optimum Power Solutions LLC v. Apple Inc.*, 3:11-cv-01509-SI, Dkt. # 191. HP and Optimum Power have agreed that this Court's July 2, 2012 Claim Construction Order applies equally in this case. *See* Joint Case Management Statement, Dkt. # 54 at p. 3.

2.  Among other claim constructions, the Court provided the following construction for the disputed claim limitation "logic control means" (the "Logic Control Means Limitation"):

<u>Function</u>—generating address and control signals provided to the memory integrated circuit and . . . controlling the power control means.

<u>Corresponding Structure</u>—

(1) a binary address generator (21) to generate binary addresses in response to a request from the host or in response to a refresh timer;

(2) an encoder (25) to Gray code the binary addresses;

(3) a slew rate controller (17 and 19) to prolong the voltage rise and fall times of the inputs to the memory integrated circuit in order to reduce power consumption;

(4) a timing sequencer and arbitor (37) to (a) generate control signals for the memory, (b) control closed loop power monitoring by selecting in turn voltages to be sampled by an A/D converter and, if the selected voltage is not sufficient for the operation of the memory, increasing the pulse width cycle of the PWM rate controller or selecting another power source, and (c) when the power is insufficient, delay the control signals that initiate an operation until adequate power has been confirmed;

(5) a power director (29) to receive voltages from each power source in addition to the voltage to be used to power the memory integrated circuit;

(6) an A/D converter (33) to convert the analog voltage provided by the power director to a digital representation; and

(7) a power feedback device (35) to compare the digital representation of the selected voltage with a voltage required by the memory integrated device in a particular mode of operation and to notify the timing sequencer and arbitor whether or not the selected voltage is sufficient for the desired operation.

3. Among other claim constructions, the Court construed the disputed claim phrase "wherein the power control means supply power to said memory integrated circuit" (the "Power Supply Limitation") to mean "wherein the power control means can supply power specifically to the memory integrated circuit without varying the power level or voltage supplied to the rest of the electronic system in which the device and memory integrated circuit is embedded."

4.  The parties stipulate that, under either the Court's construction of the Logic Control Means Limitation or the Power Supply Limitation, Defendant has not infringed and does not infringe the asserted claims of the '784 Patent.

5.  Therefore, the parties hereby stipulate that all products of Defendant that Optimum Power accuses of infringement of the '784 Patent do not infringe the '784 Patent, and that the parties hereby stipulate to a judgment of non-infringement of the '784 Patent in favor of Defendant and against Optimum Power.

6.  Notwithstanding the foregoing, Optimum Power specifically objects to the Court's construction of the Logic Control Means Limitation and Power Supply Limitation, as well as other constructions set forth in the Court's Order.  The parties reserve their rights to challenge these or any other constructions of the disputed claim phrases of the '784 Patent on appeal.

7.  The parties hereby stipulate to dismissal without prejudice of Defendant's counterclaims as to the '784 Patent and Optimum Power acknowledges and agrees that dismissal of such counterclaims will not prejudice Defendant's ability to assert such counterclaims in the future.

8.  The parties stipulate that final judgment as to Optimum Power's claim for infringement of the '784 Patent is warranted and that there is no just reason for delay of entry of final judgment in favor of HP.

9.  Nothing herein shall prejudice any party's right to move for fees and/or costs.

It is SO STIPULATED.

|   |   |   |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated:  March 18, 2013 | TREPEL GREENFIELD SULLIVAN & DRAA LLP |

By: /s/ Matthew R. Schultz

Matthew R. Schultz (C.S.B. #220641)
E-Mail: mschultz@greenfieldsullivan.com
GREENFIELD SULLIVAN DRAA & HARRINGTON LLP
150 California, Suite 2200
San Francisco, CA 94111
Telephone:  (415) 283-1776
Facsimile:  (415) 283-1777

AND

Bryan G. Harrison (Pro Hac Vice )
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
Telephone:  (404) 233-7000
Facsimile:  (404) 365-9532

Attorneys for Plaintiff OPTIMUM POWER SOLUTIONS LLC

Dated:  March 18, 2013            ARNOLD & PORTER LLP

By: /s/  Paul Alexander

Paul Alexander (C.S.B. #49997)
E-Mail: Paul.Alexander@aporter.com
ARNOLD & PORTER LLP
1801 Page Mill Road, Suite 110
Palo Alto, CA 94304-1216
Telephone:  (650) 798-2921
Facsimile:  (650) 798-2999

Attorneys for Defendant HEWLETT-PACKARD COMPANY

**ATTESTATION UNDER LOCAL RULE 5-1(i)(3)**

I, Paul Alexander, am the ECF User whose ID and password are being used to file this Stipulation for Entry of Final Judgment as to Non-Infringement of U.S. Pat. No. 5,781,784.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Bryan Harrison has concurred in the filing of this Stipulation.